

# The Attorney General of Texas

May 18, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

20 Dallas Ave., Suite 202
iouston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ed Emmett
Chairman
Committee on Cultural &
   Historical Resources
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-33

Re:  Constitutionality of pro-
visions in Senate Bill No. 427
relating to race, creed, sex,
religion, national origin, and
geographical distribution of
appointees to state commission

Dear Representative Emmett:

You have requested our opinion regarding the constitutionality of a portion of Senate Bill No. 427, presently pending in the Sixty-eighth Legislature. The bill provides, with respect to appointments to the State Library and Archives Commission:

> Appointments to the Commission shall be made with due regard for the race, creed, sex, religion, national origin, and geographical distribution of the appointees.

Article I, section 3a, of the Texas Constitution states:

> Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin.

Article I, section 4, of the Texas Constitution provides:

> No religious test shall ever be required as a qualification to any office, or public trust, in this State; nor shall any one be excluded from holding office on account of his religious sentiments, provided he acknowledge the existence of a Supreme Being.

In Mercer v. Board of Trustees, North Forest Independent School District, 538 S.W.2d 201 (Tex. Civ. App. – Houston [14th Dist.] 1976, writ ref'd n.r.e.), the court, in analyzing article I, section 3a, adopted the "two-tiered" approach to judicial review devised by the United States Supreme Court in addressing classifications under the

federal equal protection clause.  Under one approach, the "rational basis" test, the court merely decides whether the classification is:

> reasonable, not arbitrary, and. . . rest[s] upon some ground of difference having a fair substantial relation to the object of the legislation.

538 S.W.2d at 204.  This is a permissive standard of judicial review.  Id.  See also Reed v. Reed, 404 U.S. 71, 76 (1971).  Under the "strict scrutiny" test, on the other hand, the classification will be upheld only if the governmental body shows that the classification is necessary to promote a compelling interest.  See Dunn v. Blumstein, 405 U.S. 330, 34 (1972).  Strict scrutiny

> is triggered either by laws which affect certain 'fundamental rights'. . . or which provide for different treatment of persons on the basis of a 'suspect classification' (such as race, alienage, and national origin).

538 S.W.2d at 204.

Under the plain language of article I, sections 3a and 4, of the Texas Constitution race, creed, sex, religion and national origin are suspect classifications.  In our opinion, it is difficult to imagine how a legislative directive to select members of a public body on the basis of such suspect categories could serve a compelling state interest.  We are aware of no judicial decision which has so held, and we must therefore conclude that that portion of Senate Bill No. 427 which requires consideration to be given to any such suspect classification in making appointments to the commission is, on its face, violative of article I, sections 3a and 4, of the Texas Constitution.

On the other hand, geographical distribution has not been held to be a suspect classification.  See Hodel v. Indiana, 452 U.S. 314, 332 (1981); Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 70 (1978).  Also, because no arguable fundamental rights are involved, strict scrutiny has not been triggered.  As a result, the rational basis test is applicable.  See Schweiker v. Wilson, 450 U.S. 221, 234 (1981); Cf. Graham v. Richardson, 403 U.S. 365 (1971) (classifications based on alienage are subject to strict scrutiny).  We are unable to say that selection of members of the State Library and Archives Commission on the basis of geographical distribution does not "rest upon some ground of difference having a fair and substantial relation to the object of the legislation."  Mercer, supra, at 204.  Thus, we conclude that that portion of Senate Bill No. 427 which requires consideration to be given to geographical distribution in making appointments to the commission is not, on its face, unconstitutional.

The author of the amendment has asked if the following language would be constitutional:

It is the intent of the legislature that the membership of the commission reflect the historical and cultural diversity of the inhabitants of this state; therefore, appointments to the commission should be made without discrimination based on race, creed, sex, religion, national origin or geographical distribution of the appointees.

This language is distinguishable from the portion of Senate Bill No. 427 which we have discussed. The first sentence of the proposed language states a reasonable legislative purpose with respect to the composition of the State Library and Archives Commission. Moreover, this language does not in itself direct any official to engage in any action, constitutional or otherwise.

The second sentence requires that appointments to the commission be made on a non-discriminatory basis, and thus merely reiterates the requirements of article I, section 3a, of the Texas Constitution that equality under the law not be denied or abridged because of sex, race, color, creed, or national origin, and of article I, section 4, that no religious test be required as a qualification to any office in this state. In our opinion the provision is constitutional.

### S U M M A R Y

The legislature may not, consistent with article I, sections 3a and 4, of the Texas Constitution, require consideration to be given to matters of sex, race, color, creed, or national origin in making appointments to the State Library and Archives Commission, but is not prohibited from requiring that consideration be given to geographical distribution.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Nancy Sutton